UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON II,

    Plaintiff,

v.

                                              Case No. 24-cv-12031
                                              Honorable Linda V. Parker

EQUIFAX, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT

On August 5, 2024, Plaintiff filed this lawsuit against Defendant and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff appears to be seeking $15,000 from Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA"). The Court is granting Plaintiff's IFP application. However, because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court is requiring Plaintiff to file an amended pleading.

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8. Specifically, it is unclear from Plaintiff's filing how he claims Defendant violated the FCRA.

While Plaintiff's Complaint contains numerous paragraphs detailing what the law purportedly is, he does not clearly identify the violation(s) Defendant committed, precisely how Defendant did so, or when. It appears that Plaintiff may be asserting that Defendant reported incorrect information on his credit report. If that is Plaintiff's claim, he must allege facts showing that: "(1) [Defendant]

reported inaccurate information about him; (2) [Defendant] either negligently or willfully failed to follow reasonable procedures to ensure maximum possible accuracy of his information; (3) he was injured; and (4) [Defendant] was the proximate cause of his injury." *Hammoud v. Equifax Servs., LLC*, 52 F.4th 669, 674-75 (6th Cir. 2022) (citing *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020)).

Plaintiff also must allege facts establishing his standing to bring this lawsuit. This requires Plaintiff to show: "(1) that he 'suffered an injury in fact that is concrete, particularized, and actual or imminent'; (2) 'the injury was likely caused by the defendant'; and (3) the injury 'would likely be redressed by judicial relief.'" *Hammoud*, 52 F.4th at 673 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)).  The violation of the statute is insufficient, on its own, to satisfy this requirement.  *TransUnion*, 594 U.S. at 426 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)) (explaining that "this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right'").  A credit reporting agency's publication of inaccurate information to a third party satisfies these requirements.  *See Hammoud*, 52 F.4th at 673-74 (citing *TransUnion*, 594 U.S. at 432).  However, Plaintiff must allege

particularized facts to demonstrate standing. Bare legal assertions are insufficient. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 or this action will be dismissed without prejudice.[1]

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 12, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 12, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.